```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARVIN ZALDIVAR,

                        Plaintiff,         MEMORANDUM & ORDER
                                           11-CV-1198(JS)(ETB)
        -against-

ANNA BELLA'S CAFÉ, LLC, ANNA BELLA
FRANCO, and MICHAEL FRANCO,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Steven John Moser, Esq.
                    1 School Street, Suite 303
                    Glen Cove, NY 11542

For Defendants:     Michelle Cindy Englander, Esq.
                    Law Firm of Elias C. Schwartz
                    343 Great Neck Road
                    Great Neck, NY 11021
```

SEYBERT, District Judge:

Plaintiff Marvin Zaldivar ("Plaintiff") commenced this action on March 14, 2011 against Defendants Anna Bella's Café, LLC (the "Corporation"), Anna Bella Franco and Michael Franco (collectively "Defendants") asserting claims for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-07, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650, 663, and for violating New York's "spread of hours" requirement, N.Y. Comp. Code R. & Regs. tit. 12 § 142-2.4.  On May 9, 2011, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.  For the following reasons, the Court GRANTS IN PART,

DENIES IN PART, and RESERVES JUDGMENT IN PART on the pending motion to dismiss and ORDERS supplemental briefing consistent with this Memorandum and Order.

## BACKGROUND

I.  Factual Background[1]

Defendant Corporation owns and operates a restaurant called "Anna Bella's Café" (the "Café") which is located in Great Neck, New York.  (Compl. ¶¶ 3-5.)  From approximately October 3, 2009 through June 3, 2010, Plaintiff worked at the Café as a "cook's helper." (Compl. ¶¶ 27, 29.)   He worked approximately seventy-two hours per week and was paid $300.00 per week (or approximately $4.17 per hour).  (Compl. ¶¶ 33-35.)

Plaintiff asserts that both Anna Bella Franco and Michael Franco:  "manage[] the Corporation," "own[] the Corporation," "acted in the interest of the Corporation in relation to the Plaintiff," "had the power to hire and fire the plaintiff," "supervised and controlled the plaintiff's work schedules and conditions," "determined the rate and method of payment of [sic] the plaintiff," and "maintained employment records."  (Compl. ¶¶ 10-16, 18-24.)  Plaintiff also asserts that the Corporation "is engaged in commerce" and "has revenues in excess of $500,000.00 per year." (Compl. ¶¶ 7-8.)

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

Plaintiff alleges that Defendants failed to pay him (i) minimum wage, (ii) one and a half times minimum wage for hours worked in excess of forty per week, and (iii) a "spread of hours" premium when he worked in excess of ten hours in one day. (Compl. ¶¶ 31, 32, 37.)

II. <u>Procedural Background</u>

In his Complaint, Plaintiff asserts three causes of action: (i) failure to pay overtime and minimum wages in violation of the FLSA (Compl. ¶¶ 39-48); (ii) failure to pay overtime and minimum wages in violation of the NYLL (Compl. ¶¶ 49-55); and (iii) failure to pay the "spread of hours" premium under New York law (Compl. ¶¶ 56-63). Plaintiff seeks to recover all unpaid minimum and overtime wages, unpaid premiums, liquidated damages, attorneys' fees, and costs.

On May 5, 2011, Defendants moved to dismiss. Defendants argue that Plaintiff's FLSA claim must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or under Rule 12(b)(6) for failure to state a claim. In the alternative, Defendants ask the Court to convert their motion to dismiss into a motion for summary judgment and to grant judgment in their favor. Additionally, should the Court dismiss Plaintiff's FLSA claim, Defendants ask that the Court decline to exercise supplemental

jurisdiction over Plaintiff's state law claims and dismiss his Complaint in its entirety.

## DISCUSSION

The Court will briefly address Defendants' motion to dismiss Plaintiff's FLSA claim for lack of subject matter jurisdiction before turning to Defendants' arguments under Rule 12(b)(6). Because the Court requires supplemental briefing before deciding whether to dismiss Plaintiff's FLSA claim, the Court will not address Plaintiff's New York statutory claims.

I. Lack of Subject Matter Jurisdiction

A. Standard of Review under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, __ U.S. __, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). The Court must accept as true the factual allegations contained in the Complaint, but it will not draw argumentative inferences in favor of Plaintiff because subject matter jurisdiction must be shown affirmatively. See id.;

4

Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1998); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Morrison, 547 F.3d at 170; see also Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004).

B. Defendants' Motion

Defendants argue that Plaintiff's FLSA claim must be dismissed because Plaintiff has failed to meet the "jurisdictional threshold requirement[s]" necessary to state a claim for relief. (Def. Mem. 5.)[2] Both the minimum and overtime wage sections of the FLSA provide coverage for "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206, 207. Thus, an employer is only subject to the FLSA's minimum wage and overtime provisions if either: (1) its employees are "engaged in commerce" (known as "individual coverage") or (2) the employer is an "enterprise engaged in commerce" (known as "enterprise coverage"). Id.; see also Padilla v. Manlapaz, 643 F. Supp. 2d 298, 299-300 (E.D.N.Y.

---

[2] Defendants did not number the pages of their Memorandum in Support of its motion to dismiss. The Court will therefore cite to the page numbers in the ECF header.

5

2009). Here, Plaintiff is attempting to plead enterprise coverage. (See Compl. ¶¶ 7-8; Pl. Opp. 13-14.)

Enterprise coverage under the FLSA applies if the employer:

> (i) has employees engaged in commerce[3] or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;
>
> and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

29 U.S.C. § 203(s)(1)(A) (emphasis added).

Defendants argue that the Court lacks subject matter jurisdiction because (i) neither the Corporation nor any of its employees are "engaged in commerce" and (ii) the Corporation's annual gross volume of sales is significantly less than $500,000. In support, Defendants submit an affidavit of Anna Bella Franco that states that Anna Bella's Café is a small delicatessen with only five interior tables. (Anna Bella Aff. ¶ 5.) It purchases food exclusively from local vendors and caters mainly to a weekday lunch crowd consisting of employees of the

---

[3] "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

6

neighboring businesses.[4] (Anna Bella Aff. ¶¶ 5, 14.) Additionally, Defendants submit the Corporation's sales tax returns for the period between September 1, 2009 and February 28, 2011, which show a gross sales total of $104,454.00--well below the $500,000 threshold. (Anna Bella Aff. Exs. B-F.)

Notwithstanding the evidence presented by Defendants to suggest that the Corporation is not an enterprise engaged in commerce, Plaintiff's failure to make this showing does not deprive this Court of subject matter jurisdiction. See Velez v. Vassalo, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002); Padilla, 643 F. Supp. 2d at 300-02; Romero v. Jocorena Bakery, Inc., No. 09-CV-5402, 2010 WL 4781110, at *2 (E.D.N.Y. Nov. 23, 2010). Rather, courts have consistently held that enterprise coverage is an element of an FLSA claim that Plaintiff must plead and prove to establish liability. See, e.g., Velez, 203 F. Supp. 2d at 332; Padilla, 643 F. Supp. 2d at 300-02; Romero v. Jocorena Bakery, Inc., No. 09-CV-5402, 2010 WL 4781110, at *2 (E.D.N.Y. Nov. 23, 2010). Accordingly, to the extent that Defendants' motion seeks dismissal for lack of subject matter jurisdiction, it is DENIED.

---

[4] The neighboring businesses include an auto-body shop, an automobile service center, a windshield repair shop, a veterinary hospital, a dry cleaner, a nail salon, a physical therapist's office, a small accounting firm, and a small law firm. (Anna Bella Aff. ¶ 6.)

II. <u>Failure to State a Claim</u>

      Defendants argue, in the alternative, that Plaintiff's FLSA claim must be dismissed for failing to adequately plead enterprise coverage.

    A. <u>Standard of Review under Rule 12(b)(6)</u>

      In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); <u>Harris v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Harris</u>, 572 F.3d at 72 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. <u>Id.</u> Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

      In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of [the] complaint." <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 71 (2d Cir. 1998.) This has been interpreted broadly to include

8

any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Consideration of matters beyond those just enumerated requires the conversion of the 12(b)(6) motion to dismiss to one for summary judgment under Rule 56. See FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); see also Kramer, 937 F.2d at 773.

    B.    Defendant's Motion

Defendants ask this Court to dismiss Plaintiff's FLSA claim for failure to adequately plead enterprise liability under Rule 12(b)(6), or in the alternative, to convert the motion to one for summary judgment and grant judgment in favor of Defendants.

If the Court analyzes Plaintiff's Complaint under Rule 12(b)(6) and limits its consideration to the allegations contained within the four corners of the Complaint, Plaintiff has failed to adequately plead enterprise coverage. Rather than plead specific facts that establish coverage, the Complaint

9

merely recites the statutory elements of FLSA coverage: "Defendant Corporation is engaged in commerce. Defendant Corporation has revenues in excess of $500,000.00 per year." (Compl. ¶¶ 7-8.) Such "a formulaic recitation of the elements of a cause of action will not due." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Morrow v. J W Elec., Inc., No. 11-CV-1988, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011) (finding that a complaint that alleged, without factual support, that defendants "had employees engaged in commerce or in the production of goods for commerce . . . and [had] an annual gross volume of sales made or business done of not less than $500,000" was insufficient to state a claim (ellipsis and alteration in original)).

However, rather than dismiss the Complaint without prejudice for failing to adequately plead enterprise coverage and allow Plaintiff to file an Amended Complaint, the Court will convert Defendants' motion into a motion for partial summary judgment and decide this issue, and this issue alone, on the merits. In converting a motion to dismiss into a motion for summary judgment, the Court must ensure that Plaintiff had "sufficient notice," Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995), and a "reasonable opportunity to present all the material that is pertinent to the motion," FED. R. CIV. P.

10

12(d), before deciding the motion. "Ordinarily, formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (internal quotation marks, brackets, and citation omitted). Here, the Court finds that Plaintiff had sufficient notice of the possibility that this motion would be converted: Defendants specifically sought that relief in their papers. However, whether Plaintiff was afforded an adequate opportunity to present evidence in opposition presents a more difficult question. (See Pl. Opp. 9 (suggesting that Defendants' income tax returns, which were not submitted in support of their motion, may be relevant to this analysis).)

Therefore, in an abundance of caution, the Court hereby GRANTS Plaintiff leave to file a supplemental opposition of no more than ten (10) pages addressing the sole issue of enterprise coverage--i.e., whether there is a genuine issue of material fact that (i) the Corporation is engaged in commerce and/or (ii) the Corporation's annual gross volume of sales made or business done exceeds $500,000. Plaintiff shall also submit an affidavit attaching copies of the documents and excerpts of deposition transcripts cited in his supplemental opposition.

11

Plaintiff's supplemental opposition and evidence in support must be filed with the Court on or before March 12, 2012. Defendants may file a supplemental reply of no more than ten (10) pages on or before March 19, 2012. At that time, Defendants shall also submit copies of all documents and excerpts of deposition transcripts cited in their supplemental reply.

The Court notes that discovery closed in this matter on February 5, 2012. If, now having all of the evidence in front of him, Plaintiff determines that the facts do not arguably support enterprise coverage, he shall file a stipulation of voluntary dismissal of his FLSA claims at his earliest convenience but no later than March 12, 2012. Plaintiff is warned that filing frivolous opposition papers could result in sanctions.[5]

## CONCLUSION

For the foregoing reasons, the Court hereby:

1. DENIES Defendants' motion to dismiss for lack of subject matter jurisdiction;

2. GRANTS Defendants' request to convert its motion to dismiss under Rule 12(b)(6) to a motion for partial summary

---

[5] The Court notes that Plaintiff in his Opposition "express[ed] his intention to move for attorneys' fees and costs pursuant to Rule 11(c)(2)." (Pl. Opp. 15.) Plaintiff's request for leave to file such motion is DENIED.

judgment under Rule 56 on the sole issue of enterprise coverage under the FLSA;

3. RESERVES JUDGMENT on the now-converted motion for partial summary judgment pending supplemental briefing by the parties. Plaintiff shall submit his supplemental opposition and evidence in support on or before March 12, 2012, and Defendants shall submit their supplemental reply and evidence in support on or before March 19, 2012. No extensions will be granted. The Court further

4. DENIES Plaintiff's request for leave to move for sanctions.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: February 28 , 2012
Central Islip, NY

13