UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARVIN ZALDIVAR,

                              Plaintiff,

- against -

ANNA BELLA'S CAFÉ, LLC, ANNA BELLA
FRANCO and MICHAEL FRANCO,

                              Defendants.

Case No. 11-CV-01198

STIPULATED SETTLEMENT
PURSUANT TO 29 USC §216

WHEREAS, the above entitled-action was commenced on March 14, 2011, by the filing of a Complaint with the United States District Court for the Eastern District of New York; and

WHEREAS, MARVIN ZALDIVAR ("Plaintiff") in the above-entitled action has alleged that ANNA BELLA'S CAFE, LLC, ANNA BELLA FRANCO and MICHAEL FRANCO, (collectively "Defendants"), have violated the rights of the Plaintiff by, in essence, not paying Plaintiff overtime pay at a rate of 1.5 times his regular rate or all hours worked over forty in a week, and of not paying the minimum wage under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

WHEREAS, Defendants served and filed a Motion to Dismiss the Complaint in the above-entitled action on or about May 10, 2011; and

WHEREAS, Defendants deny the allegations in the complaint and sought to dismiss the complaint for lack of subject matter jurisdiction; and

WHEREAS, Plaintiff's Counsel (defined below) has conducted a thorough investigation into the facts and issues raised in the Action (defined below); and

WHEREAS, Plaintiff's Counsel, while continuing to believe that the claims asserted in the Action have substantial merit, has also weighed the benefits to be obtained under a possible settlement of the Action against the possible outcomes, costs, and delay of continued litigation, including the possibility of appeals from rulings in favor of any party; and

WHEREAS, the Plaintiff and the Defendants, in consideration of all of the circumstances and after prolonged and adversarial arms' length settlement negotiations between counsel, wish to resolve and finally settle this Action; and

WHEREAS, the Plaintiff's Counsel has concluded that a settlement with the Defendants on the terms set forth in this agreement ("Settlement Agreement") is fair, reasonable, adequate and in the best interests of Plaintiff in light of among other things, the risks inherent in prosecuting the Action and the benefits obtained under the Settlement Agreement; and

WHEREAS, the Defendants have agreed to enter into the Settlement Agreement to fully and finally resolve and settle this Action and, while disclaiming any liability to or wrongful acts against the Plaintiff; to reduce further expense, inconvenience, and the distraction of burdensome and protracted litigation.

NOW, THEREFORE, in consideration of the covenants in agreement set forth in this Settlement Agreement, it is agreed by and among the undersigned that the claim of the Plaintiff shall be settled and compromised with the Defendants, subject to approval of the Court, pursuant to 29 USC 216(b), on the following terms and conditions:

1. DEFINITIONS

As used in this Settlement Agreement, the below terms are defined as follows:

(a) "Action" or "above-entitled action" means the instant action, filed on or about March 14, 2011 in the United States District Court for the Eastern District of New York, with Civil Action Number 11-CV-01198, and assigned to the Honorable Joanna Seybert, USJ and the Honorable Magistrate E. Thomas Boyle.

(b) "Plaintiff's Counsel" means Mr. Steven J. Moser, who is the counsel of record for the Plaintiff in this Action.

(c) "Limitation Period" means the six-year period preceding the filing of the Action, namely March 13, 2005 through March 13, 2011_.

(d) "Released Claims" means all wage-related and overtime claims asserted in the Action of Plaintiff including, without limitation, claims under the FLSA (29 U.S.C. § 201 et seq.) and NYLL (§'s 190, 650, et seq.,663.1 and 12 NYCRR § 142-12), and all Plaintiff's wage-related claims including overtime and

minimum wage claims under both the FLSA and NYLL, all claims for liquidated damages, penalties, interest and attorney's fees under the FLSA and NYLL and applicable regulations which arise out of the alleged facts and occurrences underlying the claims which were asserted or could have been asserted in this Action, whether known or unknown, whether based upon the FLSA, NYLL, or any federal, state, or local statute, rule regulation, order, or law, or any federal, state or local common law at any time up to and including the date of Final Approval of this Settlement Agreement

(e) "Released Parties" means Defendants, ANNA BELLA'S CAFE, LLC, ANNA BELLA FRANCO and MICHAEL FRANCO, including but not limited to all of its past, present and future parent(s), subsidiaries and affiliates, and the divisions, shareholders, and all of their respective officers, directors, owners, partners, members, principals, agents, employees, nominees, representatives, administrators, fiduciaries and attorneys and the predecessors, successors, transferees, assigns, legal representatives and licensees of each such persons and/or entity described in this sentence.

(f) "Plaintiff" means MARVIN ZALDIVAR.

(h) "Settlement Payment" means the cash distribution to the Plaintiff from the Settlement Funds as described in paragraphs 3 and 4 herein.

## 2. BEST EFFORTS

Plaintiff and Defendants shall use their best efforts to effectuate this Settlement Agreement as soon as practicable, including cooperating as set forth below in seeking the approval of the Settlement Agreement, and the Court's approval of procedures to secure complete and final disposition of the Action.

## 3. ALLOCATION OF SETTLEMENT FUNDS

Subject to the provisions of this Settlement Agreement the Defendants shall pay to Plaintiff the sum of six thousand four hundred dollars ($6,400.00) ("Settlement Payment") allocating fifty percent (50%) of this amount (three thousand two hundred dollars- $3,200.00) representing lost wages and fifty percent (50%) of this amount (three thousand two hundred dollars - $3,200.00) representing liquidated damages in exchange

for Released Claims to all Released Parties including all claims under the FLSA and NYLL as described above.

## 4. ATTORNEY'S FEES, COSTS AND DISBURSEMENTS

In addition to the Settlement Payment to Plaintiff under this Settlement Agreement as described, Defendants shall pay to Plaintiff's Counsel the sum of one thousand three hundred fifty one dollars and sixty four cents ($1351.64) representing costs, expenses and disbursements, and an additional sum of six thousand two hundred forty eight dollars and thirty six cents ($6,248.36), representing attorneys' fees.

## 5. PAYMENT PROCEDURE

The sum of lost wages, liquidated damages, attorneys' fees, costs and disbursements, payable hereunder is fourteen thousand dollars ($14,000.00). All payments hereunder shall be made payable to "Steven J. Moser, as attorney". Within fourteen (14) days from the date this Settlement Agreement is approved by the Court, Defendants will pay Plaintiff the sum of two thousand dollars ($2,000). Thereafter, beginning on the fifteenth day of the second month following the approval of this agreement, Defendants will pay Plaintiff the sum of one thousand dollars per month for an additional twelve months. Steven J. Moser, Esq. will allocate funds first to pay liquidated damages and lost wages, then to disbursements, and then to attorneys' fees.

## 6. NO ADMISSION OF LIABILITY BY DEFENDANTS

This Settlement Agreement is not intended to constitute, and does not in fact constitute an admission by Defendants as to the merits of the allegations or claims made against them. Nothing in this Settlement Agreement nor any action taken in the implementation of this Settlement Agreement is intended by the parties to be introduced, used or be admissible in any way in this Action or any other judicial, arbitral, administrative, investigative or other form of proceeding as evidence of any violation of federal, state or local law, statute, ordinance, regulation, rule, obligation or duty, at law or in equity. Notwithstanding the foregoing sentence, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the

interpretation, implementation or enforcement of this Settlement Agreement or any orders or judgments of the Court entered in connection therewith.

## 7. TERMS OF SETTLEMENT AGREEMENT TO REMAIN CONFIDENTIAL

The terms of this Settlement Agreement are confidential and Plaintiff will not disclose these terms to any entity, organization or person, including any employee or former employee of the Defendants, except that disclosures may be made if required by law.

## 8. INTERPRETATION AND ENFORCEMENT OF SETTLEMENT AGREEMENT

This Settlement Agreement shall be interpreted and enforced under the laws of the State of New York without regard to its conflict of laws provision. Any claim arising out of or relating to this Settlement Agreement, or the subject matter hereof, shall be resolved solely and exclusively by the Court and the parties consent to the jurisdiction of the Court in connection therewith. The parties to this Settlement Agreement participated jointly in the negotiation and preparation of this Agreement. Accordingly, the parties agree that no rule of construction shall apply against any party or in favor of any party and any uncertainty or ambiguity shall not be interpreted by any rule of construction against one party or in favor of another. The foregoing notwithstanding, should any provision in this Settlement Agreement be declared illegal, unenforceable, or void by the Court, either in whole or in part, except for the general release provisions which serve as the consideration for Defendants to enter into this Settlement Agreement, and cannot be modified to be enforceable, such provisions or portions thereof shall be deemed severable from the remainder of this Settlement Agreement and shall in no way affect, impair or invalidate any other provisions contained herein.

## 9. REPRESENTATION OF CONSULTATION WITH COUNSEL

Plaintiff hereby represents and warrants he has consulted with his attorney, Steven J. Moser, Esq. prior to the execution of this Settlement Agreement Plaintiff further affirm that he believes the settlement amount of fourteen thousand dollars ($14,000.00), less appropriate statutory deductions, and the terms described in this Settlement Agreement to be fair and reasonable.

10. EXECUTION

The parties may execute this Settlement Agreement in counterparts, and the execution of the counterparts shall have the same effect as if all parties have signed the same instrument. Any executed counterpart of this Settlement Agreement may be transmitted by facsimile or email via attachment in Adobe PDF format, and such counterpart shall be treated as an original. This Settlement Agreement was drafted by both parties.

11. MODIFICATION

No provision of this Settlement Agreement may be modified except by a writing signed by all parties hereto.

12. RETAINED JURISDICTION

The parties and the Court agree that upon approving this Settlement Agreement, the Court will retain jurisdiction over the interpretation and implementation of this Settlement Agreement.

13. COMPLETE AGREEMENT

This Settlement Agreement contains an entire, complete, and integrated statement of each and every terms and provision agreed to by and among the Parties and sets forth the entire agreement among the Parties with respect to its subject matter. No other promises or agreements shall be binding or shall modify this Agreement unless signed by authorized representatives from both parties and approved by the Court

14. LIQUIDATED DAMAGES

It is mutually understood that the plaintiffs have materially relied on the defendants' representations that installment payments will be made pursuant to paragraph 5 herein. It is further mutually agreed that in the event payment is not made pursuant to the terms of paragraph 5 herein, the plaintiff may serve a five day notice to cure on the defendant's attorney, to wit, The Law Firm of Elias C. Schwartz, via certified mail, return receipt requested. If the scheduled payment is not made within five days of receipt of the notice to cure, Plaintiff shall be entitled to the Settlement amount of fourteen thousand dollars ($14,000.00) less

payments made to date plus additional liquidated damages in the sum of six thousand dollars ($6,000.00) for a total recovery upon default in this action of $20,000.00 less payments made to date.

IN WITNESS THEREOF, the parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives on the 10 day of APRIL 2012.

Steven J. Moser, P.C.
By: Steven J. Moser, Esq.
Attorneys for Plaintiff
One School Street
Suite 303
Glen Cove, New York 11542
Tel: (516) 671-1150
Fax: (516) 882-5420
sjm@stevenjmoser.com

Law Firm of Elias C. Schwartz
By: Jennifer J. Bock, Esq.
Attorneys for Defendants
343 Great Neck Road
Great Neck, New York 11021
Tel: (516) 487-0175
Fax: (516) 773-7706
bock@ecslaw.com

SO ORDERED:

_____            Date: _____

Judge Joanna Seybert, U.S.J.